UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW PETTY,

      Plaintiff,                                   Case No.

v.                                             Hon.

CEDRIC BERNARD VASSAUX and
TRANSPORT LDC INC.,

      Defendants.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff MATTHEW PETTY, by and through his attorneys, GIROUX TRIAL ATTORNEYS, P.C., for his Complaint against the above named Defendants states as follows:

## BACKGROUND AND JURISDICTIONAL AVERMENTS

1.     At all times relevant hereto, Plaintiff MATTHEW PETTY resided in the City of Gagetown, County of Tuscola, State of Michigan.

2.     Upon information and belief and at all times relevant hereto, Defendant CEDRIC BERNARD VASSAUX is a resident of Quebec, Canada.

3.     Upon information and belief and at all times relevant hereton, Defendant TRANSPORT LDC INC., is a Canadian company and was at all times

1

the owner of the vehicle involved in the collision being driven by CEDRIC BERNARD VASSAUX.

4.      The acts, transactions and/or occurrences giving rise to the injuries complained of herein arose within the confines of the City of Grant Township, County of Huron, State of Michigan.

5.      The amount in controversy greatly exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.      Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b), because the subject events took place in the City of Grant Township in Huron County which is located within the Northern Division of the Eastern District of Michigan.

8.      Venue and jurisdiction are vested in this court pursuant to MCL 600.1629(1).

## FACTUAL ALLEGATIONS

9.      On October 11, 2021, Plaintiff MATTHEW PETTY was traveling eastbound with the right of way on Sebewaing Road near its intersection with Elkton Road in Grant Township, Michigan.

2

10.    At the same time, Defendant, CEDRIC BERNARD VASSAUX was traveling northbound on Elkton Road driving a 2016 Peterbilt Semi-Truck, bearing vehicle registration #L694548.

11.    While Plaintiff MATTHEW PERRY was lawfully traveling straight ahead, Defendant CEDRIC BERNARD VASSAUX was not paying attention to the roadway in front of him, failed to yield to Plaintiff's right of way and disregarded a stop sign causing a violent intersection collision.

12.    At all times relevant hereto, Defendant, CEDRIC BERNARD VASSAUX, failed to pay attention to the roadway, failed to obey the traffic control device and failed to yield to Plaintiff's right of way causing a serious crash.

13.    Defendant, CEDRIC BERNARD VASSAUX's, failure to operate the above described 2016 Peterbilt Semi-Truck in a lawful manner or otherwise non-negligent manner caused Plaintiff, MATTHEW PERRY, to be severely injured by Defendant.

14.    At all times relevant hereto, Defendant, CEDRIC BERNARD VASSAUX, neglected to and/or failed to observe traffic conditions and yield to Plaintiff's vehicle.

15.    As a result of the collision, Plaintiff MATTHEW PERRY suffered serious and permanent injuries all amounting to serious impairment of a body function as contemplated under MCL §500.3135.

## COUNT I
## NEGLIGENCE OF DEFENDANT CEDRIC BERNARD VASSAUX

16.    Plaintiff hereby restates and alleges each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

17.    At all times relevant hereto, and pursuant to Michigan Law, Defendant, CEDRIC BERNARD VASSAUX, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, MATTHEW PETTY, which duty includes but is not limited to, obeying all laws, statutes and city ordinances while driving subject vehicle on public roads.

18.    At all times relevant hereto, Defendant CEDRIC BERNARD VASSAUX had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the subject collision.

19.    At all times relevant hereto, Defendant, CEDRIC BERNARD VASSAUX, breached the duty he owed to Plaintiff, MATTHEW PETTY, in the following ways:

     (a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

     (b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

     (c)    Failing to keep the motor vehicle constantly under control;

     (d)    Failing to drive the vehicle on the roadway with due

4

diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)     Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f)     Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, including but not limited to Plaintiff;

(g)     Failing to yield to all approaching vehicles, MCL 257.649;

(h)     Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

(i)     Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within an assured, safe distance in violation of MCL 257.627(1);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)     Failure to obey a traffic control device;

(p)     Any other violations that may become known through discovery.

20.    As a direct and proximate result of the negligence and/or gross negligence and/or willful and wanton misconduct of Defendant, CEDRIC BERNARD VASSAUX,  Plaintiff MATTHEW PETTY, has suffered serious and permanent injuries and damages in the following manners, including but not limited to:

      a.    Neck injury;

      b.    Back injury;

      c.    Bilateral shoulder injuries;

      d.    Closed head injury/traumatic brain injury;

      e.    Neurological injuries including radiating pain;

      f.    Bilateral arm injuries;

      g.    Left knee injuries requiring surgical intervention;

      g.    Post traumatic stress;

      h.    Future medical treatment including surgery;

      i.    Mental anguish;

      j.    Emotional distress;

      k.    Fright and shock;

      l.    Denial of social pleasures and enjoyment;

      m.    Humiliation and mortification;

      n.    Excess economic losses;

o.      Any and all other damages allowed under Michigan Law.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant, CEDRIC BERNARD VASSAUX, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT II
## VICARIOUS LIABILITY FOR THE NEGLIGENCE OF EMPLOYEE

21.    Plaintiffs repeat each of the preceding Paragraphs' allegations as if they were fully set forth herein.

22.    At the date and time of the collision at issue, the driver of the TRANSPORT LDC INC.-owned tractor trailer, CEDRIC BERNARD VASSAUX, owed a duty to Plaintiff to operate the motor vehicle with reasonable care and caution and in a manner so not to inflict injury on others, and, in particular, the Plaintiff.

23.    CEDRIC BERNARD VASSAUX, as the driver of the truck at issue, breached his duties owed to the public and to Plaintiff. Such breaches of duty include, but are not limited to:

(a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c)    Failing to keep the motor vehicle constantly under control;

(d)     Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)     Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f)     Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, including but not limited to Plaintiff;

(g)     Failing to yield to all approaching vehicles, MCL 257.649;

(h)     Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

(i)     Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within an assured, safe distance in violation of MCL 257.627(1);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)     Failure to obey a traffic control device;

(p)     Any other violations that may become known through

discovery.

24.    As a direct and proximate result of the negligence of CEDRIC BERNARD VASSAUX, the Plaintiffs suffered serious and permanent injuries and damages as non-exhaustively described, *supra*.

25.    Defendant TRANSPORT LDC INC. is vicariously liable for the injuries and damages directly and proximately resulting from the negligent operation of the truck by their employee, CEDRIC BERNARD VASSAUX, who was at that time acting in the course and scope of his employment with TRANSPORT LDC INC..

WHEREFORE, Plaintiffs respectfully request that this honorable court enter a judgment in favor of Plaintiff against Defendant, in an amount in excess of $75,000.00 exclusive of costs, fees and interest.

## COUNT III—OWNER'S LIABILITY

26.    Plaintiff repeats each of the preceding Paragraphs' allegations as if they were fully set forth herein.

27.    Upon information and belief, TRANSPORT LDC INC. is the owner of the tractor trailer that was being driven by CEDRIC BERNARD VASSAUX who negligently operated the vehicle and caused the collision that seriously and permanently injured the Plaintiff.

28.     Upon information and belief, CEDRIC BERNARD VASSAUX had express and/or implied consent and permission to use the vehicle he was driving at the time of the collision.

29.     By virtue of the Owner's Liability Statute, MCL § 257.401, Defendant TRANSPORT LDC INC. is responsible and liable for damages negligently caused by CEDRIC BERNARD VASSAUX.

30.     Defendant TRANSPORT LDC INC., as owners of the tractor trailer involved in the subject collision, is liable to Plaintiff for the negligent acts committed by CEDRIC BERNARD VASSAUX.

31.     Defendant TRANSPORT LDC INC. is liable to Plaintiff for injuries and damages sustained, which were negligently caused by CEDRIC BERNARD VASSAUX, pursuant to the Owner's Liability Act, MCL §257.401.

WHEREFORE, Plaintiffs respectfully request that this honorable court enter a judgment in favor of Plaintiff against Defendants, in an amount in excess of $75,000.00 exclusive of costs, fees and interest.

Respectfully submitted,

/s/ Evan N. Pappas
Robert M. Giroux (P47966)
Evan N. Pappas (P75489)
**Giroux Trial Attorneys, P.C.**
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
Dated: March 16, 2022                              (248) 531-8665

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW PETTY,

       Plaintiff,                        Case No.

v.                                         Hon.

CEDRIC BERNARD VASSAUX and
TRANSPORT LDC INC.,

       Defendants.
_____/

## JURY DEMAND

Plaintiff MATTHEW PETTY, by and through his attorneys, GIROUX TRIAL ATTORNEYS, P.C., hereby requests a trial by jury in this matter.

                                        Respectfully submitted,

                                        /s/ Evan N. Pappas
                                        ROBERT M. GIROUX (P47966)
                                        EVAN N. PAPPAS (P75489)
                                        **Giroux Trial Attorneys, P.C.**
                                        Attorney for Plaintiff
                                        28588 Northwestern Hwy, Suite 100
                                        Southfield, MI 48034
                                        (248) 531-8665
Dated: March 16, 2022                 epappas@greatmiattorneys.com